UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Octavio M., ) | |
| ) | |
|    *Plaintiff*, ) | |
| ) | |
| v. ) | No. 18 CV 50013 |
| ) | Magistrate Judge Lisa A. Jensen |
| Andrew Saul, ) | |
| Commissioner of Social Security, ) | |
| ) | |
|    *Defendant*. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action under 42 U.S.C. §405(g), challenging the denial of social security disability benefits. Plaintiff, who was represented by counsel during the administrative proceedings, is proceeding *pro se* in this Court.

## BACKGROUND

Plaintiff alleges that he became disabled on July 31, 2007 when he injured his back while pulling on something heavy at his job, where he had worked for 19 years up until that point. After the injury, Plaintiff returned to work and kept working until January 2008.

Plaintiff filed three prior disability applications (in March 2008, November 2009, and September 2011), but they were all denied without a hearing. Plaintiff did not appeal these decisions, and it does not appear that he was represented by an attorney for any of them.[1] *Id.*

---

[1] Plaintiff also filed a worker's compensation claim arising out of the July 31, 2007 injury, but according to his testimony at the administrative hearing in this case, he received no money from that litigation. R. 48 ("They didn't give me anything."). He testified that the attorney representing him withdrew during the litigation. R. 49.

In May 2014, Plaintiff filed the present disability application under Title II. His primary alleged impairment is degenerative disc disease that was exacerbated by the workplace injury.[2] Plaintiff alleged an onset date of January 25, 2008, which is when he stopped working. Since Plaintiff only filed a Title II application, his date last insured is June 30, 2013. R. 101. At the administrative level, Plaintiff initially proceeded *pro se*, but he eventually retained counsel. The hearing was held on September 9, 2016. Counsel gave an opening statement, questioned witnesses, and submitted a brief before the hearing. Ex. 27E. He also provided additional records to supplement the record after the hearing date, which the ALJ considered and added to the record. R. 100.

On January 18, 2017, the administrative law judge ("ALJ") issued a written decision finding that although Plaintiff's spine disorders constituted a severe impairment at Step Two, plaintiff could still do light work subject to certain restrictions. The ALJ relied on multiple rationales in finding that Plaintiff's testimony was not credible. Counsel then filed an administrative appeal and submitted a letter brief to the Appeals Council. Ex. 32E.

At some point, counsel withdrew, and Plaintiff filed this appeal. Plaintiff filed a six-page opening brief that included five exhibits, including several MRI reports. The Government filed a two-and-half page response brief. Plaintiff then filed a 17-page reply brief in which he attached ten exhibits, several of which are duplicative of the opening brief exhibits. The reply brief with exhibits is 54 pages.

## DISCUSSION

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. §

---

[2] Plaintiff also alleged that he suffered from liver damage, but the ALJ found that this was not a severe impairment at Step Two because the problem was asymptomatic. R. 103.

2

405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence exists if there is enough evidence that would allow a reasonable mind to determine that the decision's conclusion is supportable. *Richardson v. Perales*, 402 U.S. 389, 399–401 (1971). Accordingly, the reviewing court cannot displace the decision by reconsidering facts or evidence, or by making independent credibility determinations. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

However, the Seventh Circuit has emphasized that review is not merely a rubber stamp. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (a "mere scintilla" is not substantial evidence). A reviewing court must conduct a critical review of the evidence before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even when adequate record evidence exists to support the Commissioner's decision, the decision will not be affirmed if the Commissioner does not build an accurate and logical bridge from the evidence to the conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). Moreover, federal courts cannot build a logical bridge on behalf of the ALJ. *See Mason v. Colvin*, No. 13 C 2993, 2014 U.S. Dist. LEXIS 152938, at *19–20 (N.D. Ill. Oct. 29, 2014).

With this standard in mind, the Court will begin by summarizing the parties' arguments, starting with Plaintiff's opening brief. This brief begins with a personal narrative that, in effect, constitutes additional testimony. Plaintiff describes the personal toll his health problems have taken on his life. *See, e.g.*, Dkt. #6 at 1 ("Since I obtained this accident on 7/31/2007 my life has become a nightmare throughout the twenty four hours in a day. I suffer an unbearable pain when I force my body and I walk more than my body can handle, which is almost nothing, it can be less than a block or maybe even a couple of steps."). He takes medication every day but "the pain never goes away." *Id.* at 2. The medication also has "horrible" side effects, including painful

headaches and digestive problems affecting his liver. Plaintiff states that the "most horrific part of this crisis is the infection of skin and nerves" that has caused medical personnel "to cut off the rot in [his] skin." *Id.* As a result of all these problems, Plaintiff has "fallen in a terrible depression." *Id.* He also has financial problems and feels he is a burden to his family. *Id.*

The remaining portion of his opening brief (pages 3 to 6) consists of summaries of, or quotations from, the five exhibits Plaintiff attached to his brief and from some other documents. The exhibits include reports from MRIs taken in September 2014 and February 2017. This portion of the brief is not easy to read. Plaintiff relies mostly on argument-by-quotation and includes minimal analysis or argument; the documents being discussed are not arranged in chronological or any other apparent order; the various medical findings are not connected together in any consistent way; and the discussion is laden with technical medical terms, which often vary from one summary to the next. In a number of places, the Court is not clear what larger arguments Plaintiff is trying to make.

The Government's response is two and half pages and contains one basic argument. The Government asserts that Plaintiff has not identified any error the ALJ made—*i.e.* "no statute, regulation, rule, or policy that the ALJ may have violated"—and instead has merely attempted to re-argue the facts of his case. Dkt. #11 at 1.

As for Plaintiff's exhibits, the Government argues that several of them "are dated after the date of the ALJ's decision and, as such, are not in the record and not properly before the Court." *Id.* at 2 (citing Seventh Circuit case law). Alternatively, the Government argues that, "even if those documents were part of the record, they are from 2017, whereas Plaintiff had to prove his disability as of his date last insured of June 30, 2013." *Id.* (again citing to supporting Seventh Circuit case law). As for the remaining exhibits, the Government argues that they "are

4

already in, or covered, by the record."³ *Id.* Further, the Government notes that the ALJ cited to most of these documents in the decision and that they were thus taken into account. *Id.*

The Court finds the Government's arguments to be persuasive. As the Government noted, Plaintiff has not identified any factual error or legal error made by the ALJ. The gist of Plaintiff's argument is that the ALJ should have simply believed his testimony, in full, that his problems were severe. Although this Court has sympathy for Plaintiff's ongoing health problems, Plaintiff's case for a remand boils down to a generalized plea for this Court to merely "reweigh [the] evidence" and then "substitute [its] judgement for the ALJ's." *Alvarado v. Colvin*, 836 F. 3d 744, 747 (7th Cir. 2016). This is not a role this Court is permitted to play. *See Elder*, 529 F.3d at 413 (the reviewing court should not reconsider facts or evidence).

Plaintiff's argument for remand faces the additional barrier that he does not confront or offer any counter-argument to the multiple rationales relied on by the ALJ—in particular, the ALJ's credibility findings. This was an important part of the decision. The ALJ made the following assertions questioning Plaintiff's credibility: Plaintiff "offered conflicting statements regarding the reason that he stopped working" in January 2008; Plaintiff's allegations that he had a hard time sitting, standing, and walking were at odds with his ability to "go to the store and drive"; Plaintiff's treatment history was "sparse and reflects a history of sporadic, routine, and conservative treatment"; one doctor "noted [that Plaintiff] made [pain] complaints with 'gross embellishment'"; doctors determined that his back pain "improved significantly with physical therapy, medications, and lumbar injections, as he reported pain relief of 60% only three months after they alleged onset date"; Plaintiff's assertion that his doctor recommended that his "best

---

³ The "covered by" language refers to the fact that one of Plaintiff's exhibits (an image that was from the September 2014 MRI) was not in the record, but as the Government points out, the MRI report interpreting that image was in the record. Dkt. #11 at 2. Additionally, this MRI was taken 13 months after the date last insured. *Id.* at 3.

option" was surgery was contradicted by the fact "no treating physician or independent medical examiner has recommended surgery"; there were significant treatment gaps, as his treating physicians even noted; Plaintiff did not follow through with the treatment recommendations of his treating physician, Dr. Silva; and medical providers observed that Plaintiff "did not consistently exert full effort" when his strength was being tested. R. 105–07.

Plaintiff did not directly address any of these rationales in his opening brief. If this Court construed Plaintiff's brief very charitably in deference to his *pro se* status, the Court might find that Plaintiff has indirectly challenged, at best, only a few of these assertions. But even if true, this is not enough to justify a remand. As the Seventh Circuit has stated, this Court should not overturn a credibility finding unless it was "patently wrong." *Sawyer v. Colvin*, 512 F. App'x 603, 607 (7th Cir. 2013). Moreover, the Seventh Circuit has stated that not "all" of the ALJ's credibility rationales need to be found valid to affirm, as long as "*enough* of them are[.]" *Halsell v. Astrue*, 357 F. App'x 717, 722 (7th Cir. 2009) (emphasis in original). In short, this Court must give the ALJ substantial deference in this area.

In Plaintiff's reply brief, he does not respond to the Government's arguments, but instead again proceeds as he did in his opening brief. That is, he begins by again describing his medical problems—offering yet another round of testimony. Much of it is similar to the opening brief. But he does add a few new allegations. For example, he states that Dr. Silva told him in February 2015 that the discs in his back were "getting more and more damaged" and that, based on a 2017 MRI and statements from his doctors, he was "degenerating dramatically" in a "domino effect" and that this decline was "effecting other parts of [his] body because of [his] low immune system." Dkt. #18 at 2–3. Plaintiff also states that he has received a number of lumbar injections from Dr. Otengbediako from March 2017 through February 2019. *Id.* at 3–4.

6

Also, as he did in the opening brief, Plaintiff includes a section summarizing or quoting from exhibits such as MRI reports. This section is not organized into any clear system and contains repetitive passages (*e.g.* the September 2014 MRI is discussed several times). It also seems to repeat much of the material from the opening brief. However, there appears to be a few new additions. For example, Plaintiff quotes from a part of a questionnaire completed by Dr. Sturm in March 2008. *Id.* at 8.

Plaintiff's arguments in his reply brief do not alter this Court's conclusion. The Government's central point remains. Plaintiff is still ultimately asking this Court to re-weigh the evidence and reach a new conclusion. Plaintiff has not shown that the ALJ's analysis was an unreasonable interpretation of the medical record.

As noted above, Plaintiff does refer to a few new documents, thereby indirectly suggesting possible new arguments. To the extent that these arguments are new, they fail because they were only raised for the first time in the reply brief. *See Frazee v. Berryhill*, 733 F. App'x 831, 834 (7th Cir. 2018) ("[The claimant] sought to add more arguments in her district-court reply brief, but that was too late to avoid waiver."); *Brown v. Colvin*, 661 Fed. Appx. 894, 895 (7th Cir. 2016) (arguments raised for the first time in a reply brief are waived). However, even if this Court were to overlook this problem, the Court would not find that any of these arguments warrant a remand. Perhaps Plaintiff's strongest argument is his attempt to rely on Dr. Sturm's 2008 opinion that was set forth on an Illinois Department of Security form. *See* Ex. 3F. The ALJ gave this opinion little weight because Sturm "did not provide clinical evidence or objective findings to support his assertions."[4] R. 107. The Court does not find that this rationale was improper or unreasonable. In reviewing Dr. Sturm's opinion, the Court notes that it is bare-bones

---

[4] The ALJ referred to him as Dr. Stum (rather than Sturm). The doctor's handwriting is hard to read. However, according to a Google search, "Sturm" appears to be the correct spelling. This is also the spelling Plaintiff uses.

7

(there are many blanks the doctor did not fill out) and contains no explanatory information. The form does not even list what Plaintiff's disability was. R. 454. Moreover, Dr. Sturm indicates that Plaintiff was disabled as of July 31, 2007, which overlooks the fact that Plaintiff continued to work almost six months after this time.

One more barrier to Plaintiff's argument for a remand is that, as the Government has argued, he relies heavily on evidence well after the onset date and even after the ALJ's decision. Plaintiff argues, for example, that his condition was "degenerating dramatically" in March 2017. But this was almost four years after the date last insured, raising a question as to whether the deterioration occurred after that date. A similar issue exists regarding the 2017–19 injections.

For all the above reasons, the Court is not persuaded that a remand is justified. The Court acknowledges that Plaintiff is proceeding *pro se*. However, it is also true that Plaintiff was represented by counsel at the administrative hearing. Counsel not only appeared at the hearing but filed a pre-hearing brief, as well as a post-hearing brief. Given this fact, this Court must assume that Plaintiff's best case was presented to the ALJ. *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007) ("[A] claimant represented by counsel is presumed to have made his best case before the ALJ").  This case thus differs from one where a party never had the benefit of any advice of counsel.

## CONCLUSION

For these reasons, the Court recommends that Plaintiff's motion for summary judgment be denied, that the Government's motion be granted, and that the decision of the ALJ be affirmed. Any objections to this Magistrate Judge's Report and Recommendation must be filed with the District Court Judge by September 3, 2019. *See* Fed. R. Civ. P. 72(b). The failure to file

a timely objection may result in the waiver of objections before the district court or on appeal.

*See id.*; *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260–61 (7th Cir. 1989).

Date:  August 20, 2019　　　　　　　　　　By:　　_____

　　　　　　　　　　　　　　　　　　　　　　　　Lisa A. Jensen
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge