# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Octavio M., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. 18 C 50013 |
|   v. | ) |
| | ) Hon. Philip G. Reinhard |
| Andrew Saul, | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Magistrate Judge Jensen carefully reviewed the record and plaintiff's submissions. This court has done the same. The ALJ's decision is supportable from the record. The objection [20] is denied. The court accepts the report and recommendation [19]. Plaintiff's motion for summary judgment is denied. The government's motion for summary judgment is granted. This case is terminated.

## STATEMENT

Plaintiff, Octavio M., brought this action, pursuant to 42 U.S.C. § 405(g), to challenge the denial of social security disability benefits. On August 20, 2019, Magistrate Judge Jensen entered a report and recommendation (R & R) [19] that plaintiff's motion for summary judgment be denied and that the government's motion be granted. Plaintiff filed a timely objection [20].

Plaintiff filed a disability application under Title II in May 2014 alleging a primary impairment of degenerative disc disease (exacerbated by a workplace injury) and additionally that he suffered from liver damage. His last date insured is June 30, 2013. Plaintiff initially proceeded pro se at the administrative level but eventually retained counsel who represented him at a September 9, 2016 hearing conducted by the an ALJ.

On January 18, 2017, the ALJ issued a written decision finding at Step Two that plaintiff's spine disorders constituted a severe impairment but that his liver damage was not a severe impairment because the problem was asymptomatic. The ALJ found that although plaintiff had a severe impairment, he still was able to perform light work subject to certain restrictions and therefore was "not disabled" under sections 216(i) and 223(d) of the Social Security Act. 42 U.S.C. §§ 416(i) and 423(d).

Plaintiff's objection [20] to the R & R, like his brief [6] and reply brief [18] which were considered by the magistrate judge, does not identify any factual or legal error made by the ALJ. The objection, brief, and reply brief all contain recitations from medical reports. Some of these reports post-date the September 9, 2016 hearing. Others were in the record and considered by the ALJ or were referenced by other documents in the record considered by the ALJ. In addition

to the recitations from the medical reports, the objection, brief, and reply brief contain statements by plaintiff about his symptoms and the impact his medical condition has on his life.

As Magistrate Judge Jensen observed, plaintiff is asking the court to do what the court is not allowed to do-- reweigh the evidence considered by the ALJ and then substitute its judgment for the ALJ's. Dkt # 19, p. 5. <u>Alvarado v. Colvin</u>, 836 F.3d 744, 747 (7th Cir. 2016). The ALJ's decision (Dkt # 4-4, pp.30-40) shows the ALJ considered the evidence presented, evaluated that evidence, and made a supportable decision. The ALJ made credibility findings noting conflicts in plaintiff's evidence. Dkt # 4-4, pp.35-37. The R & R highlights these conflicts. Dkt. # 19, pp. 5-6.

Magistrate Judge Jensen carefully reviewed the record and plaintiff's submissions. This court has done the same. The ALJ's decision is supportable from the record. The objection [20] is denied. The court accepts the report and recommendation [19]. Plaintiff's motion for summary judgment is denied. The government's motion for summary judgment is granted. This case is terminated.

Date: 3/25/2020  ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)